UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Pat V. Costa</u>

   v.        Civil No. 06-cv-412-JD
             Opinion No. 2007 DNH 031

<u>Dreier, LLP, and</u>
<u>Steven M. Notinger, Trustee</u>


<u>O R D E R</u>

   Pat V. Costa appeals from the bankruptcy court's order that denied his motion to intervene in an adversary proceeding, <u>Steven M. Notinger, Trustee, v. Dreier, LLP</u>, Adv. No. 06-1157-JMD, that arose in a Chapter 7 bankruptcy case, <u>In re: Robotic Systems, Inc., and Auto Image ID, Inc.</u>, Bk.Nos. 04-14151-JMD and 04-14152-JMD.  Costa argues that because of the procedural history of the adversary case and because of his particular interest in the subject matter, the bankruptcy court erred in denying his motion to intervene.  Both the Trustee and Dreier, LLP, the law firm that represented the Debtors, contend that the bankruptcy court properly denied Costa's motion.


<u>Background</u>

   Robotic Vision Systems, Inc., and Auto Image ID, Inc., ("the Debtors") sought bankruptcy protection under Chapter 11 on November 19, 2004.  Pat V. Costa was the president, chief

executive officer, and a director of the Debtors.  Costa filed
proofs of claim for a secured claim, a general unsecured claim, a
priority unsecured claim, and an administrative priority expense
claim.  The cases were jointly administered in bankruptcy and
were both converted to Chapter 7 cases on October 11, 2005.
Steven M. Notinger was appointed to serve as Trustee.

Dreier, LLP, and Sheehan Phinney Bass &` Green, P.A.,
represented the Debtors during the Chapter 11 proceedings.
Dreier, Sheehan, and other professionals who provided services
during the Chapter 11 phase filed final applications for fees and
expenses after the cases were converted to Chapter 7 proceedings.
Costa and the United States Trustee filed objections.  Costa
included claims of malpractice and fraud against Dreier and
another professional, Marotta, Gund, Budd & Dzera, LLC, ("MGBD")
seeking an award of fees and expenses.  The Trustee did not file
objections to the fee applications, but did file recommendations
as to two applications and moved to approve settlement agreements
with Dreier and another applicant.  The bankruptcy court held a
hearing on the applications and objections on May 5, 2006.

In the decision issued on May 26, 2006, the bankruptcy court
primarily addressed the legal and procedural issues raised by the
objections to the applications filed by Dreier and MGBD.  The
court concluded that only the Trustee, not Costa, had standing to

bring claims of fraud and malpractice against Dreier and MGBD
without first seeking leave of court.  The bankruptcy court
converted the objections filed by Costa and the United States
Trustee to an adversary proceeding pursuant to Bankruptcy Rules
3007 and 9014(b) and in a separate order directed that an
adversary proceeding be initiated with the Trustee as the
plaintiff and Dreier as the defendant.  The bankruptcy court also
directed that a separate adversary proceeding be initiated to
address the objections to MGBD's fee application.

On June 16, 2006, Costa moved to intervene as a party in the
Dreier adversary proceeding under Federal Rule of Civil Procedure
24.  On September 13, 2006, the court ruled that Costa did not
have a right to intervene, that permissive intervention was not
appropriate, and that Costa had not met the procedural
requirements for intervention.  Costa appeals from that decision.

### Standard of Review

This court has jurisdiction to hear an appeal from final
orders issued by the bankruptcy court.  28 U.S.C. § 158(a)(1).
"An order flatly denying a motion to intervene in a judicial
proceeding is an immediately appealable collateral order." Rhode
Island v. U.S.E.P.A., 378 F.3d 19, 26 (1st Cir. 2004).  The
appellate court reviews the bankruptcy court's factual findings

for clear error and reviews its legal conclusions de novo.  <u>See</u>
Fed. R. Bankr. P. 8013; <u>In re Marrama</u>, 430 F.3d 474, 477 (1st
Cir. 2005).


Discussion

On appeal, Costa argues that he was entitled to intervene in
the adversary proceeding as a matter of right and that he met the
requirements for permissive intervention under Federal Rule of
Civil Procedure 24.  He also challenges the bankruptcy court's
alternative holding that he failed to comply with the procedural
requirements for intervention.  The Trustee and Dreier filed
separate briefs in which they both contend that the bankruptcy
court properly denied Costa's motion to intervene.  Costa filed a
reply.  The Trustee and Dreier move jointly to strike Costa's
reply.


I.  <u>Motion to Strike Reply</u>

The Trustee and Dreier move to strike Costa's reply brief
on the grounds that it refers to evidence that was developed in
depositions taken after the bankruptcy court's decision, that it
mischaracterizes that evidence, and that it improperly raises a
new argument.  In his opposition to the motion to strike, Costa
argues that his reply properly responded to arguments made by the

4

Trustee and Dreier in their briefs.  With respect to the new
evidence referenced in the reply, Costa contends that he was only
notifying this court of the ongoing proceedings in the bankruptcy
court and that none of that evidence is material to the appeal.

The sole issue on appeal in this case is whether the
bankruptcy court erred in denying Costa's motion to intervene in
the adversary proceeding.  Any issue as to whether the bankruptcy
court's previous order commencing the adversary proceeding was
final and immediately appealable is not before the court in this
appeal.  Therefore, the court will disregard any argument
pertaining to the merits of the conversion order.  Because Costa
states that the new evidence he referenced is not material to his
appeal here, that evidence will not be considered.  The motion to
strike is otherwise denied.


II.  <u>Appeal from the Intervention Order</u>

Federal Rule of Civil Procedure 24 provides for mandatory
intervention in particular circumstances and permissive
intervention at the discretion of the court.  Rule 24 applies in
bankruptcy proceedings through Bankruptcy Rule 7024.  <u>In re
Thompson</u>, 965 F.2d 1136, 1141 (1st Cir. 1992).  To be entitled to
intervene as of right, an intervenor "must show that (1) [he]
timely moved to intervene; (2) [he] has an interest relating to

the property or transaction that forms the basis of the ongoing
suit; (3) the disposition of the action threatens to create a
practical impediment to [his] ability to protect [his] interest;
and (4) no existing party adequately represents [his] interests."
B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc., 440 F.3d 541,
544-45 (1st Cir. 2006).  Permissive intervention under Rule 24(b)
is "available in the court's discretion where the applicant's
claim or defense and the main action have a 'question of law or
fact in common.'"  Daggett v. Comm'n on Governmental Ethics &
Election Practices, 172 F.3d 104, 108 (1st Cir. 1999) (quoting
Fed. R. Civ. P. 24(b)).

A.   Intervention as of Right

    The bankruptcy court found that Costa moved to intervene in
a timely fashion and that he had an interest relating to the
property involved in the adversary proceeding.  The court found,
however, that Costa had not shown that disposition of the
adversary proceeding without his intervention would prevent him
from protecting his interests in the Debtors' assets.  The court
also found that Costa had not shown that the Trustee would not
adequately protect Costa's interests.

    Costa's interest in the Debtors' assets, as found by the
bankruptcy court, is as follows:

> Costa is a creditor who holds general unsecured,
> priority unsecured, administrative priority unsecured,
> and secured claims against the Debtors' bankruptcy
> estates.  As a claimant, the ultimate resolution of
> Dreier's fee application will impact Costa's recovery.
> Approving and paying all or any portion of Dreier's
> fees and expenses will dissipate the assets of the
> Debtors' bankruptcy estates, which assets would
> otherwise be available to satisfy the administrative
> priority and other claims presently held by Costa.

Mem. Op. Sept. 13, 2006, at 6-7.  On appeal, Costa argues that

his interests also include protecting the viability of claims of

fraud and tortious interference which he intends to bring on his

own behalf against Dreier and MGBD.[1]  Because Costa did not raise

those claims as part of his asserted interest in the Debtors'

estate in support of his motion to intervene in the bankruptcy

court, they will not be considered here.  See In re Olympic Mills

Corp., --- F.3d ---, 2007 WL 102584 at *13 (1st Cir. Jan. 17,

2007).

The bankruptcy court found, and Costa does not dispute, that

the Trustee has a fiduciary duty to represent the interests of

the creditors in a bankruptcy proceeding.  See Petitioning

Creditors of Melon Produce, Inc. v. Braunstein, 112 F.3d 1232,

---

[1]Costa conflates issues he raised on behalf of the Debtors
in his objection to Dreier's fee application with different
claims he now asserts against Dreier in his personal capacity.
He also attempts to rely on the bankruptcy court's order
converting the contested matter to an adversary proceeding as
part of the reasoning supporting his motion to intervene.  These
efforts are not persuasive and undermine Costa's case on appeal.

1240 (1st Cir. 1997).  Although "[t]ypically, an intervenor need
only make a 'minimal' showing that the representation afforded by
a named party would prove inadequate, . . . in cases where the
intervenor's ultimate objective matches that of the named party,
a rebuttable presumption of adequate representation applies."  B.
Fernandez & Hnos., 440 F.3d at 546.

　　　Costa asserts that because he might lose his right to bring
his personal claims against Dreier and MGBD based on the outcome
in the adversary proceedings, he has more to lose than the
Trustee and, therefore, the Trustee does not adequately represent
his interests.  As noted above, however, Costa did not raise an
issue about his personal claims against Dreier and MGBD in the
bankruptcy court.  Therefore, that interest will not be
considered here.  Even if the argument were properly presented,
however, Costa has not shown that resolution of the adversary
proceeding would affect his personal claims, as distinct from
claims on behalf of the Debtors.  With respect to any claims that
might be brought on behalf of the Debtors, Costa has not shown
that he would have standing to maintain such claims, see In re
Robotic Vision Sys., Inc., 343 B.R. 393, 399 (Bankr. D.N.H.
2006), undermining that ground for his theory of inadequate
representation, see Mangual v. Rotger-Sabat, 317 F.3d 45, 61 (1st
Cir. 2003).

Therefore, Costa failed to rebut the presumption that the Trustee would serve as an adequate representative of his interests in the Debtors' assets in the adversary proceeding. Because Costa has not shown that the bankruptcy court erred in concluding the Trustee would adequately represent Costa's interests, this court need not consider the other factors that are necessary for intervention under Rule 24(a)(2).

B.   <u>Permissive Intervention</u>

Federal Rule of Civil Procedure 24(b)(2) permits intervention when a non-party shows that his claim shares a question of law or fact with the claims brought in the main proceeding.  Even when that showing is made, however, "the rule merely permits intervention at the discretion of the [] court." <u>Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n</u>, 197 F.3d 560, 568 (1st Cir. 1999).  Therefore, the bankruptcy court's decision not to allow Costa to intervene under Rule 24(b)(2) is reviewed for abuse of discretion.  <u>Daggett</u>, 172 F.3d at 109.

The bankruptcy court denied Costa's motion for permissive intervention on the grounds that his interests were adequately protected by the Trustee and that his involvement as a party would cause undue delay based on the months of discovery and length of trial he was proposing.  Costa provides no basis to

conclude that the bankruptcy court's decision was an abuse of discretion.  Therefore, that decision is affirmed.

C.  <u>Failure to Follow Required Procedure</u>

The bankruptcy court also found that Costa failed to follow the procedure required for intervention under Rule 24(c) and Bankruptcy Rule 7024(c).  Both rules require an intervenor to file a pleading that sets forth the claim he intends to assert. Costa failed to file such a pleading.

Costa attempts to excuse his failure to comply with the filing requirement by arguing that his objection to Dreier's fee application adequately stated his claim.  The bankruptcy court appropriately noted, however, that Costa's fee objection raised claims on behalf of the Debtors that he lacked standing to bring. "Accordingly, Costa should have articulated in a separate pleading exactly what claims he would assert against Dreier in this adversary proceeding."  Mem. Op. Sept. 13, 2006, at 12. Costa's effort on appeal to raise new interests and claims exemplifies the need for filing a pleading as required under Rule 24(c). Because the bankruptcy court correctly held that Costa did not comply with the filing requirement, the court did not err in denying the motion to intervene on that alternative ground.

Conclusion

For the foregoing reasons, the decision of the bankruptcy court issued on September 13, 2006, denying the motion of Pat V. Costa to intervene in the adversary proceeding is affirmed.  The defendants' motion to strike the reply (document no. 33) is denied.  The clerk of court shall close the case.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

March 14, 2007

cc:  Charles A. Dale, III, Esquire
     James W. Donchess, Esquire
     David Himelfarb, Esquire
     Geraldine L. Karonis, Esquire
     Norman N. Kinel, Esquire
     Joshua E. Menard, Esquire
     Deborah Ann Notinger, Esquire
     Thomas J. Pappas, Esquire
     US Bankruptcy Court – NH, Clerk
     Terence D. Watson, Esquire